IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-02675-CMA-BNB

JUAN CASTILLO HERNANDEZ,

    Petitioner,

v.

JOHN LONGSHORE, Field Director, Immigration and Customs Enforcement,
JANET NAPOLITANO, Secretary of the Department of Homeland Security,
JOHN MORTON, Director for Immigration and Customs Enforcement, and
ERIC HOLDER, Attorney General, United States of America,
JOHNNY CHOATE, Warden, Denver Contract Detention Facility

    Respondents.

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND MOTION TO AMEND AND DENYING MOTION TO EXPEDITE**

---

This matter is before the Court on Petitioner Juan Castillo Hernandez's Petition for a Writ of Habeas Corpus (Doc. # 1), First Motion to Amend/Correct/Modify (Doc. # 7), and Motion to Expedite. (Doc.. # 9).

This case concerns Mr. Castillo's access to a bond hearing, which in the immigration context is governed by 8 U.S.C. § 1226(a). Mr. Castillo is currently detained in an immigration detention facility in Aurora, Colorado, and was denied access to a § 1226(a) bond hearing. The government argues that Mr. Castillo is not entitled to such a hearing because he is subject to the mandatory detention provision

outlined in 8 U.S.C. § 1226(c). (Doc. # 8) Mr. Castillo argues in part that he is not subject to this mandatory detention provision and is therefore entitled to a bond hearing.

An Immigration Judge (IJ) has found Mr. Castillo removable and Mr. Castillo has appealed that determination to the Board of Immigration Appeals (BIA). (Doc. # 1, at 6.) Mr. Castillo informs this Court that his appeal is still pending before the BIA.

This Court agrees with Mr. Castillo that he is entitled to a bond hearing in accord with 8 U.S.C. § 1226(a). The Court was in the process of preparing a longer Order on the matter, which will include much of the reasoning from *Baquera v. Longshore*, No. 13-CV-00543-RM-MEH, 2013 WL 2423178 (D. Colo. June 4, 2013), and *Castaneda v. Souza*, No. 13-10874-WGY, 2013 WL 3353747 (D. Mass. July 3, 2013). The Order will also address the additional arguments raised by the government in its Answer (Doc. # 8). Finally, the Order will address this Court's reasoning on the proper respondent for this habeas petition, a matter raised by the government in its Answer and an issue resolved in part by this Court's decision to grant Mr. Castillo's Motion to Amend (Doc. # 7).

Yesterday, Mr. Castillo brought to this Court's attention a motion the government filed with the BIA in which the government argues that because Mr. Castillo is contesting the basis for his detention through a Writ of Habeas Corpus, he should be deported as expeditiously as possible. (Doc. # 9)

This Court is concerned by the reasoning that undergirds the government's Motion to Expedite (Doc. # 9-1). A number of federal courts have already addressed the government's interpretation of § 1226(c) and its application to immigration detainees

2

similarly situated to Mr. Castillo.  A majority of these courts, including three other district courts in the Tenth Circuit, have found the government's interpretation of § 1226(c) to be improper and have granted the immigration detainees' habeas petitions.  *See, e.g.*, *Baquera*, *supra*;  *Valdez v. Terry*, 874 F. Supp. 2d 1262 (D.N.M. 2012); *Ortiz v. Holder*, No. 11-CV1146-DAK, 2012 WL 893154 (D. Utah Mar. 14, 2012).

Rather than continuing to litigate this matter in Article III courts, the government now seeks to stifle access to the Great Writ by asking an Article I court to place immigration detainees who contest the basis of their detention on a fast track to deportation.  *But cf.* Memorandum from John Morton, Dir., Immigration and Customs Enforcement, Dep't of Homeland Sec., to All Field Officers, All Special Agents in Charge, All Chief Counsel, Prosecutorial Discretion: Certain Victims, Witnesses, and Plaintiffs, at *2 (June 17, 2011) (directing ICE attorneys to exercise discretion "when making detention and enforcement decisions in cases of . . . individuals pursuing legitimate civil rights complaints" and noting that "[p]articular attention should be paid to "plaintiffs in non-frivolous lawsuits regarding civil rights or liberties violations"), *available at* https://www.ice.gov/doclib/secure-communities/pdf/domestic-violence.pdf.

To avoid such an unjust outcome and needless delay to Mr. Castillo while this Court's more detailed Order is prepared, Mr. Castillo's motion for a writ of habeas corpus is granted.  *See Gordon v. Napolitano*, 13-CV-30146-MAP, 2013 WL 5774843, at *2 (D. Mass. Oct. 23, 2013) (adopting a similar approach).

* * *

In sum, this Court GRANTS Mr. Castillo's Motion to Amend (Doc. # 7) and GRANTS his Petition for Writ of Habeas Corpus (Doc. # 1). The Motion to Expedite (Doc. # 9) is DENIED AS MOOT. The Respondents shall provide Mr. Castillo with an individualized bond hearing pursuant to 8 U.S.C § 1226(a) within 14 days of the date of the entry of this Order.

DATED:  November 21, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge